IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Douglas Antonio Hammond, ) | Cr. No. 1:10-00466-MBS |
| ) | |
| Movant, ) | |
| vs. ) | **ORDER AND OPINION** |
| ) | |
| United States of America, ) | |
| ) | |
| Respondent. ) | |
| ) | |

  Douglas Antonio Hammond ("Movant"), a prisoner proceeding *pro se*, seeks to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

## I. FACTUAL AND PROCEDURAL BACKGROUND

  On April 21, 2010, a federal grand jury returned a twenty-six count indictment against Movant and fourteen co-defendants. ECF No. 2. Movant was charged with conspiracy to possess with intent to distribute 500 grams or more of cocaine, 50 grams or more of cocaine base, and a quantity of marijuana (Count 1); possession with intent to distribute 5 grams or more of cocaine base (Counts 2 and 3); and possession with intent to distribute 50 grams or more of cocaine base (Count 8). ECF No. 2. On July 21, 2010, the Government filed an Information pursuant to 21 U.S.C. § 851 to establish Movant's prior South Carolina state conviction for distribution of crack cocaine. ECF No. 272. On August 18, 2010, a federal grand jury returned a Superseding Indictment that raised the threshold quantity of powder cocaine in Count 1 to 5 kilograms or more as to all defendants. ECF No. 319. The Superseding Indictment remained the same with respect to the other charges against Movant. *See* ECF No. 319. On December 21, 2010, Movant entered a plea of guilty to Count 8 of the Superseding Indictment pursuant to a written plea agreement. *See* ECF Nos. 495, 500. The written plea agreement contained, among other things, a waiver of his right to a direct appeal.

Prior to sentencing, a presentence investigation report ("PSR") was prepared in which Movant's total offense level was calculated at 33. ECF No. 656 at 26. With a total offense level of 33 and a criminal history category of VI, Movant's Sentencing Guidelines range was calculated at 240 to 293 months imprisonment. *Id.* However, calculating the powder cocaine and crack cocaine amounts at a 1:1 ratio, Movant's new total offense level became 31. ECF No. 656 at 31. Based on the new offense level, Movant's applicable guideline range became 188 to 235 months imprisonment. ECF No. 656 at 31. However, Movant was subject to a statutory minimum sentence of 240 months imprisonment. *Id.* Therefore, 240 months became the bottom of the guideline range. *See* U.S.S.G. § 5G1.1.

On July 13, 2011, the court held a sentencing hearing. The court applied the 1:1 ratio and sentenced Movant to the Bureau of Prisons for 240 months followed by 10 years of supervised release. ECF Nos. 797, 834.

On November 15, 2012, this court issued an order indicating that Movant might be entitled to resentencing pursuant to the Supreme Court's decision in *Dorsey v. United States*, 132 S. Ct. 2321 (2012). ECF No. 1022. Movant filed a motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(2). ECF No. 1147. Movant asserted that based on the retroactive application of the Fair Sentencing Act as required by *Dorsey*, the mandatory minimum period of incarceration for Movant's conviction was reduced from 240 months to 120 months. *See* ECF No. 1147. In a written order issued May 30, 2013, the court construed Movant's motion to reduce sentence as a motion for relief under 28 U.S.C. § 2255. On June 20, 2013, this court granted Movant's § 2255 motion and vacated his prior sentence. ECF No. 1175.

Prior to resentencing, a new PSR was prepared. ECF No. 1206. Movant's total offense level

was calculated at 33. ECF No. 1206 at 30. Based on a total offense level of 33 and a criminal history category of VI, Movant's guidelines sentence range was calculated at 235 to 293 months. *Id.* The PSR also advised the court that based on a 1:1 powder cocaine to crack cocaine ratio, Movant's total offense level would be calculated at 31. Based on a total offense level of 31 and a criminal history category of VI, Movant's guidelines sentence range would be 188 to 235 months. ECF No. 1206 at 32. Movant was subject to a statutory minimum term of imprisonment of 120 months. ECF No. 1206-1 at 1.

The court held a re-sentencing hearing on August 28, 2013. ECF No. 1205. Movant was represented by Jonathan M. Harvey, Esquire, of the South Carolina Bar and Mark Allen Yurachek, Esquire, of the Georgia Bar. Upon motion of Movant's counsel, and without objection by the Government, the court granted a variance and applied a 1:1 ratio. The court sentenced Movant at the bottom of the guidelines range, that is, to 188 months incarceration followed by 8 years of supervised release. ECF No. 1208. The court advised Movant that he had fourteen days to appeal his sentence. The court noted for the record, however, that Movant had waived his right to direct appeal in the written plea agreement. ECF No. 1232, 9. Movant did not file an appeal.

Movant filed the within § 2255 motion on July 24, 2014.[1] ECF No. 1262. That same day, this court issued an order directing the Government to file a response to Movant's §2255 motion. ECF No. 1263. On August 27, 2014, the Government filed a response in opposition to Movant's § 2255 motion, as well as a motion for summary judgment. ECF No. 1275, 1276. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court issued an order on August 27, 2014,

---

[1] Movant's current § 2255 motion is not successive within the meaning of 28 U.S.C. § 2244(b) because Movant raises issues appertaining to his resentencing. *See In Re Taylor*, 171 F.3d 185 (4th Cir. 1999).

advising Movant of the summary judgment procedure and the possible consequences if he failed to respond adequately. ECF No. 1277. Movant filed a reply to the Government's response on September 26, 2014. ECF No. 1284. Movant also filed a motion for final disposition on January 9, 2015, ECF No. 1295, as well as a "Motion for District Court to Move in Habeas Proceedings" on August 6, 2015, ECF No. 1334.

## II. LEGAL STANDARDS

### A.     Summary Judgment

Pursuant to Fed. R. Civ. P. 56(a), the court shall grant summary judgment if the moving party shows that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. The evidence presents a genuine issue of material fact if a "reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). The facts and any inferences drawn from the facts should be viewed in the light most favorable to the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). The party seeking summary judgment bears the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party makes this showing, the opposing party must set forth specific facts showing there is a genuine issue for trial. *Id.*

### B.     Motions to Vacate Generally

A federal prisoner in custody may challenge the fact or length of his detention by filing a motion pursuant to 28 U.S.C. § 2255. To receive relief under § 2255, a movant is required to prove by a preponderance of the evidence that his sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or

that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). If this showing is made, the court must "vacate and set the judgment aside" and "discharge the prisoner or resentence him or grant a new trial to correct the sentence as may appear appropriate." *Id.* § 2255(b). If, on the other hand, "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," the court may summarily deny the motion without holding a hearing. Rules Governing Section 2255 Proceedings 4(b); *see* 28 U.S.C. § 2255(b) (a hearing is not required on a § 2255 motion if the record of the case conclusively shows that the prisoner is entitled to no relief).

### III. DISCUSSION

**A.     Motion to Vacate**

Movant raises the following two grounds for relief in his § 2255 motion:

**Ground One**: Ineffective assistance of counsel for failure to file an appeal.
**Ground Two**: Ineffective assistance of counsel at sentencing for failure to argue that the Fair Sentencing Act's new mandatory minimums applied to Movant's case.

To prevail on a claim of ineffective assistance of counsel, a movant ordinarily must satisfy both parts of the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). The movant first must show that counsel's representation fell below an objective standard of reasonableness. *Id*. at 687–88. In making this determination, a court considering a habeas corpus petition "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*. at 689. However, an error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment. *Id.* at 691-92 (citing *United States v. Morrison*, 449 U.S. 361, 364–65 (1981)). "The purpose of the Sixth Amendment guarantee of counsel is to ensure that a defendant

has the assistance necessary to justify reliance on the outcome of the proceeding. Accordingly, any deficiencies in counsel's performance must be prejudicial to the defense in order to constitute ineffective assistance under the Constitution." *Id.* at 692.

In *Hill v. Lockhart,* 474 U.S. 52 (1985), the United States Supreme Court discussed the application of the rule regarding deficient performance in cases where the defendant does not go to trial, but instead enters a guilty plea:

> In many guilty plea cases, the "prejudice" inquiry will closely resemble the inquiry engaged in by courts reviewing ineffective-assistance challenges to convictions obtained through a trial. For example, where the alleged error of counsel is a failure to investigate or discover potentially exculpatory evidence, the determination whether the error "prejudiced" the defendant by causing him to plead guilty rather than go to trial will depend on the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea. This assessment, in turn, will depend in large part on a prediction whether the evidence likely would have changed the outcome of a trial. Similarly, where the alleged error of counsel is a failure to advise the defendant of a potential affirmative defense to the crime charged, the resolution of the "prejudice" inquiry will depend largely on whether the affirmative defense likely would have succeeded at trial.

*Id.* at 57-59 (internal citations omitted).

*1.    Failure to file an appeal.*

Movant asserts that he advised counsel immediately after sentencing that he wished to appeal the sentence. The Government contends that Movant is not entitled to relief on Ground One because he waived his right to appeal. The Government also has provided affidavits from resentencing counsel denying that Movant requested them to file an appeal of his sentence.

A criminal defense attorney's failure to file a notice of appeal when requested by his client deprives the defendant of his Sixth Amendment right to the assistance of counsel, notwithstanding that the lost appeal may not have had a reasonable probability of success. *Dyer v. United States*,

Case No. 5:14-cv-19140, Criminal Case No. 5:13-cr-00107, 2016 WL 1019438, *5 (S.D.W. Va. Feb. 19, 2016) (quoting *United States v. Peak,* 992 F.2d 39, 42 (4th Cir. 1993)). This principle remains true even where a criminal defendant has accepted a plea agreement containing an appeal waiver provision. *Id.* (citing cases). If a defendant's counsel runs afoul of this rule, the proper procedure is for the district court to vacate its previous judgment, enter a new judgment from which the defendant may file an appeal, dismiss any remaining claims in the § 2255 motion without prejudice, and appoint counsel to assist the defendant on direct appeal. *Id.* (citing cases).

When a § 2255 movant asserts an ineffective assistance of counsel claim based on counsel's failure to note an appeal, the district court generally must hold an evidentiary hearing before finding that the movant did not unequivocally instruct counsel to file a notice of appeal. *Id.* at *6 (citing cases). Only where a § 2255 movant's allegations are so incredible that an evidentiary hearing would not aid the district court in deciding the § 2255 motion, do the interests of judicial economy dictate that a hearing not be conducted. *Id.*

The court cannot say that Movant's allegations are so incredible that an evidentiary hearing is not necessary. Accordingly, the court will schedule an evidentiary hearing to determine this matter.

   *2.   Failure to argue for mandatory minimum sentence of 120 months.*

The court will hold a ruling on Ground Two in abeyance. If Movant is granted the opportunity to note an appeal, the court will dismiss without prejudice Ground Two. If the court determines Movant is not entitled to a direct appeal, the court will then turn to the merits of Movant's Ground Two.

7

**B.     Subsequent Motions**

Movant's motion for final disposition and motion for district court to move in habeas proceedings are **denied as moot**.

### IV.  CONCLUSION

The court will hold an evidentiary hearing in accordance with Rule 8(a) of the Rules Governing Section 2255 Proceedings.  Counsel will be appointed for this hearing under 18 U.S.C. § 3006A, as provided by Rule 8, unless Movant elects to obtain his own counsel.  Movant must inform the court if he elects to obtain his own counsel within thirty (30) days from the date of this order.  If the court does not receive this notice from Movant, the court will appoint counsel under 18 U.S.C. § 3006A.  Any appointment of counsel will be limited solely to the evidentiary hearing addressing Movant's first ground for relief.  Movant is directed to bring to this hearing any and all supporting documentation he has in his possession regarding Ground One.  A notice of hearing will be issued from the Office of the Clerk of Court.

**IT IS SO ORDERED.**

/s/ Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina

April 12, 2016.