# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# AIKEN DIVISION

| | |
|---|---|
| Douglas Antonio Hammond, ) | |
| ) | Criminal Case Number: 1:10-00466-MBS |
| Movant, ) | |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| United States of America, ) | |
| ) | |
| Respondent. ) | |

Movant Douglas Antonio Hammond ("Movant") is a federal inmate currently housed at FCI-McDowell in Welch, West Virginia. On July 24, 2014, Movant, proceeding pro se, moved under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence.

## I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On August 20, 2010, Movant and fourteen co-defendants were charged in a twenty-eight count indictment. Movant was charged with four counts: Count One: conspiracy to distribute five-hundred grams or more of cocaine, fifty grams or more of cocaine base, and a quantity of marijuana, in violation of 21 U.S.C. §§ 841(b)(1)(A), § 841(b)(1)(B), and 846; Count Two: possession with intent to distribute and distribution of five grams or more of cocaine base in violation of 21 U.S.C. § 841(b)(1)(B); Count Three: possession with intent to distribute and distribution of five grams or more of cocaine base in violation of 21 U.S.C. § 841(b)(1)(B); Count Eight: possession with intent to distribute and distribution of fifty grams or more of cocaine base in violation of 21 U.S.C. § 841(b)(1)(A). ECF No. 52. On August 10, 2010, a federal grand jury returned a superseding indictment, which raised the threshold quantity of powder cocaine in Count One to five kilograms or more as to all defendants, including Hammond, in violation of 21 U.S.C. § 841(b)(1)(A). ECF No. 345.

1

On December 21, 2010, Movant pleaded guilty to Count Eight pursuant to a written plea agreement. ECF No. 495. Prior to sentencing, the United States Probation Office prepared a presentence investigation report and calculated Movant's total offense level as 33 and his criminal history category as VI. ECF No. 656 at 29. Pursuant to the United States Sentencing Guidelines ("Sentencing Guidelines"), Movant's guideline range was calculated at 235 to 293 months imprisonment. *Id.* However, the court granted a variance and calculated the powder cocaine and crack cocaine amounts at a 1:1 ratio. ECF No. 797. Movant's new total offense level became 31. ECF No. 656 at 31. Based on the new offense level, Movant's applicable guideline range became 188 to 235 months imprisonment. *Id.* Movant remained subject to a statutory minimum sentence of 240 months imprisonment. *Id.* Therefore, 240 months became the bottom of his guideline range. *See* U.S.S.G. § 5G1.1; ECF No. 656 at 31. The court sentenced Movant to 240 months incarceration.

On May 9, 2013, Movant filed a motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(2) based on *Dorsey v. United States*, 567 U.S. 260 (2012). ECF No. 1147. The Court in *Dorsey* required that the Fair Sentencing Act ("Act") apply retroactively to those whose crime preceded the effective date of the Act but were sentenced after that date. *Dorsey*, 567 U.S. at 275. The court construed Movant's motion to reduce sentence as a motion to vacate under 28 U.S.C. § 2255. ECF No. 1175. The court granted Movant's motion and vacated his prior sentence. *Id.* The United States Probation Office again prepared a presentence investigation report. ECF No. 1206. Movant's recommended guideline range remained at 235 to 293 months based on an offense level 33 and criminal history category VI. On August 28, 2013, the court resentenced Movant in light of *Dorsey*.

At resentencing, Movant was represented by Jonathan M. Harvey, Esquire, of the South Carolina Bar and Mark Allen Yurachek, Esquire, of the Georgia Bar (collectively, "Counsel"). The court again granted a variance based on the powder cocaine to crack cocaine disparity, reducing the applicable guideline range to 188 to 235 months. ECF No. 1205. Given the Court's holding in *Dorsey*, the mandatory minimum applicable to Movant was reduced from 240 months to 120 months. The court sentenced Movant to 188 months incarceration followed by 8 years of supervised release with standard and special conditions to include substance abuse treatment with testing, vocational training, and financial or consumer credit counseling. ECF No. 1232. Movant did not file an appeal.

Movant filed the within § 2255 motion on July 24, 2014. ECF No. 1262. Movant raised the following two grounds for relief in his § 2255 motion:

> **Ground One**: Ineffective assistance of counsel for failure to file an appeal.
> **Ground Two**: Ineffective assistance of counsel at sentencing for failure to argue that Movant should have been sentenced to the new mandatory minimum.

*Id.* On August 27, 2014, Respondent filed a response in opposition to Movant's § 2255 motion, as well as a motion for summary judgment. ECF No. 1275, 1276. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court issued an order on August 27, 2014, advising Movant of the summary judgment procedure and the possible consequences if he failed to respond adequately. ECF No. 1277. Movant filed a reply to Respondent's response on September 26, 2014. ECF No. 1284. Movant also filed a motion for final disposition on January 9, 2015, ECF No. 1295, as well as a "Motion for District Court to Move in Habeas Proceedings" on August 6, 2015, ECF No. 1334. On June 1, 2016, the court held an evidentiary hearing on Ground One. ECF No. 1397. At the conclusion of the hearing, the court granted Respondent's

3

motion for summary judgment on Ground One. *Id*. Movant has one remaining ground for relief. The court granted Movant permission to submit additional information as to Ground Two. *Id.*

On November 3, 2016, Movant filed additional support for Ground Two. ECF No. 1422. The court ordered Respondent United States of America ("Respondent") to respond within fourteen days. ECF No. 1423. On December 8, 2016, Movant filed a motion to notify the court of Respondent's failure to "deny averred claims Rule 8(6)," as Respondent failed to respond to Movant's supplemental response. ECF No. 1425. On May 8, 2017, the court again ordered Respondent to respond to Movant's supplemental response. ECF No. 1435. Respondent responded and moved for summary judgment on June 1, 2017. ECF Nos. 1440, 1441. The court again issued an order pursuant to *Roseboro* informing Movant of the summary judgment procedures. ECF Nos. 1442, 1447. Movant informed the court that he had not received Respondent's motion for summary judgment, ECF No. 1449, and the court again ordered Respondent serve Movant, ECF No. 1452.[1] On August 14, 2017, Movant responded to the government's motion for summary judgment. ECF No. 1458.

## II. DISCUSSION

Under *Strickland v. Washington*, 466 U.S. 688 (1984), ineffective assistance of counsel has two elements. First, the movant must show that counsel's performance was deficient. *Strickland*, 466 U.S. at 687. Second, the movant "must show that the deficient performance prejudiced the defense." *Id.* at 687.

---

[1] The court notes that it has twice mailed the *Roseboro* order and motion for summary judgment. ECF Nos. 1443, 1448. Further, Respondent has served Movant through mail. ECF Nos. 1455, 1456.

A.  Objective Standard of Reasonableness

Movant claims that Counsel's failure to argue for the mandatory minimum at his resentencing constituted a deficient performance. To show that Counsel's performance was deficient, the court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed at the time of counsel's conduct." *Strickland*, 466 U.S. at 690. The Supreme Court noted that "judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689. "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.*

At the original sentencing hearing, the mandatory minimum was higher than the guidelines. The court could not sentence Movant below the mandatory minimum regardless of any variance the court granted. Therefore, there was no need for counsel to argue for any further variances. At resentencing the mandatory minimum was lower than the guidelines so additional variance arguments, including a motion for a variance for the mandatory minimum, would have been appropriate. The court's grant of the first variance did not signal that the court would not consider additional arguments. The court finds that it was not reasonable for counsel to fail to argue all of the grounds that could minimize his client's imprisonment.

B.  Prejudice

Movant must next show prejudice, *i.e.*, a reasonable probability that, had his counsel's performance met the objective standard of reasonableness, the result of the proceeding would have been different. *See Hooper v. Garraghty*, 845 F.2d 471, 475 (4th Cir. 1988); *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). If Counsel had argued the mandatory minimum, then the court

5

would have considered it when fashioning Movant's sentence. Whether the argument has merit is dependent on the facts at the time it is raised. It is unclear whether the result of Movant's resentencing hearing would have been different if his counsel had argued for the mandatory minimum at his resentencing. The possibility of a different result moves this court to err on the side of caution and grant Movant's § 2255 motion.[2]

### III. CONCLUSION

Movant's motion to vacate, set aside, or correct his sentence pursuant to § 2255 is **GRANTED** based on Ground Two of his § 2255 motion. The judgment order entered on August 28, 2013, is **VACATED**, and this matter will be set for resentencing. A notice of hearing will be issued separately. Counsel will be appointed for this hearing unless Movant elects to obtain his own counsel. Movant must inform the court if he elects to obtain his own counsel within thirty (30) days from the date of this order. If the court does not receive notice from Movant, the court will appoint counsel. The court **DENIES AS MOOT** Respondent's motions for summary judgment, ECF Nos. 1276, 1441. The court **DENIES AS MOOT** Movant's motion for summary judgment, ECF No. 1411. The court **DENIES AS MOOT** Movant's motion to notify court of government's failure to deny averred claims Rule 8(6), ECF No. 1425. The court **DENIES AS MOOT** Movant's motion for extension of time, ECF No. 1449.

**IT IS SO ORDERED.**

s/ Margaret B. Seymour
Honorable Margaret B. Seymour
Senior United States District Judge

August 15, 2017
Columbia, South Carolina

---

[2] As the court is granting Movant's § 2255 motion to vacate, the court declines to consider Movant's motion under Federal Rule of Civil Procedure 8(6).